WILLIAM F. PARKS, Appellant, *v.* MARGARET A. MURRAY, *et al.*, Respondents.

*Court of Appeals, April* 17, 1888.

See 2 N. Y. St. Rep. 628.

*Appeal.   Court of appeals.*—After an appellant has perfected his appeal to the court of appeals by filing and serving his notice of appeal and the requisite undertaking, the supreme court is not authorized to require the filing of a new undertaking, and dismiss the appeal for non-compliance with the order.  The court of appeals alone has jurisdiction.

Motion to dismiss appeal.

*J. W. Brainsby*, for appellant.

*Kurzman & Yeaman*, for respondent.

PER CURIAM.—The motion to dismiss the plaintiff's appeal must be denied.  It was founded upon his omission to comply with an order of the supreme court made December 19th, 1887, directing him to file a new undertaking on or before January 10th, 1888.  Such order was made after the plaintiff had perfected his appeal to this court by filing and serving his notice of appeal and the requisite undertaking.  The Code provides explicitly that when those acts are done the appeal is perfected.  (Section 1326).  Thenceforward the jurisdiction of this court attaches, and the authority of the supreme court, except as specially preserved, ends.

By section 1308, the court in which the appeal is pending is authorized to require the filing of a new undertaking, and dismiss the appeal for non-compliance with the order.

In this case the motion should have been made before us and not in the supreme court. The only authority given to require a new undertaking is vested in this court when an appeal to it has been duly perfected, for it then becomes the only court in which the appeal is pending. The supreme court cannot make it outside of the authority given by the Code because of its inherent control over its own records, since this is not a question of correcting or reforming an old record but of making an entirely new one.

It is suggested that we have already dismissed the plaintiff's appeal as against another of the defendants for non-compliance with the same order. (12 N. Y. State Rep. 864.)

That is true; but the question of its validity was not then raised, and the jurisdiction of the supreme court was conceded. So long as the party affected by it did not challenge it, we were justified in disregarding the inquiry. Here the question is distinctly raised.

The motion should be denied.

All concur.